**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JOHN DOE T.G., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 17-2635-CM-TJJ |
| UNITED STATES OF AMERICA and ) | |
| MARK WISNER, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff John Doe T.G. brings this case against defendants United States of America and Mark Wisner, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 and 38 U.S.C. § 7316(a), (f), alleging that Wisner conducted improper and/or unnecessary physical examinations of plaintiff and made inappropriate sexual comments. He also claims that Wisner negligently failed to timely diagnose a brain tumor, and alleges state law claims for battery and outrage/intentional infliction of emotional distress. This matter is before the court on defendant United States of America's Motion to Dismiss (Doc. 33). Defendant argues that plaintiff's complaint should be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). For the reasons set forth below, the court grants defendant's motion in part and denies it in part.

Plaintiff is a veteran who sought treatment at the Dwight D. Eisenhower VA Medical Center ("VA") located in Leavenworth, Kansas. Wisner treated and provided medical care for plaintiff. Wisner was a physician's assistant for the VA, and is a defendant in nearly one hundred pending civil suits before this court.

-1-

The claims in this case are similar to claims in a number of other cases this court has considered. *See, e.g.*, *Anasazi v. United States*, No. 16-2227, 2017 WL 2264441, at *1–*2 (D. Kan. May 23, 2017); *Doe D. E. v. United States*, No. 16-2162, 2017 WL 1908591, at *1–*2 (D. Kan. May 10, 2017). The court will not repeat the details of them here, although this case contains two claims not included in other cases. Highly summarized, they are: (1) Count I: Negligence - Medical Malpractice; (2) Count II: Negligence – Medical Malpractice Failure to Diagnose and Treat Plaintiff's Brain Tumor; (3) Count III: Lost Chance of Recovery; (4) Count IV: Negligent Supervision, Retention, and Hiring; (5) Count V: Outrage/Intentional Infliction of Emotional Distress, and (6) Count VI: Battery.

Likewise, the court has set forth the governing legal standards in a number of other cases involving the same parties and similar claims. The court does not repeat them here, but applies them as it has in the past. *See, e.g.*, *Anasazi*, 2017 WL 2264441, at *2; *Doe D. E.*, 2017 WL 1908591, at *2.

**Statute of Repose**

Defendant claims that at least some of plaintiff's claims are barred by Kansas's four-year statute of repose. *See* Kan. Stat. Ann. § 60-513(c) (stating that, with respect to a "cause of action arising out of the rendering of or the failure to render professional services by a health care provider," "in no event shall such an action be commenced more than four years beyond the time of the act giving rise to the cause of action"). Plaintiff disagrees, referencing a brief in another case (*John Doe M.R. v. United States, et al.*, No. 17-2246) that raised four arguments in opposition to defendant's position: (1) Section 60-513(c) does not apply to plaintiff's claims because Wisner was not a "health care provider"; (2) In any event, § 60-513(c) does not apply to plaintiff's claims for outrage or battery; (3) The FTCA's administrative process tolls the statute of repose; and (4) Equitable estoppel tolls the statute of repose.

The court has addressed all four of these arguments a number of times.  First, Wisner was a health care provider, making § 60-513(c) applicable.  *See, e.g.*, *Doe BF v. United States*, No. 17-2088, 2017 WL 4355577, at *2 (D. Kan. Oct. 2, 2017); *Almquist v. United States*, No. 17-2108, 2017 WL 4269902, at *2 (D. Kan. Sept. 25, 2017).  The court has considered plaintiff's arguments about the application of *P.W.P. v. L.S.*, 969 P.2d 896 (1986), but remains unpersuaded that it erred in its initial consideration of this issue.  Second, § 60-513(c) applies to all of plaintiff's claims, including outrage and battery.  *See, e.g.*, *Doe BF*, 2017 WL 4355577, at *2; *Almquist*, 2017 WL 4269902, at *2.  Third, the FTCA administrative process tolls the statute of repose.  *See, e.g.*, *Doe BF*, 2017 WL 4355577, at *3; *Almquist*, 2017 WL 4269902, at *3.  And fourth, equitable estoppel does not further toll the statute of repose.  *See, e.g.*, *Doe BF*, 2017 WL 4355577, at **3–*4; *Almquist*, 2017 WL 4269902, at *3–*4.

In this case, the impact of these rulings is that some of plaintiff's claims may be barred by the statute of repose.  In his complaint, plaintiff alleges that he was Wisner's patient and saw Wisner during clinic visits on dates between 2013 through 2015.  This is in contrast to plaintiff's administrative claim, which alleged negligent treatment from 2011 through 2014.  From these differences, it is difficult to ascertain whether any of plaintiff's claims happened before June 1, 2012, which was four years before plaintiff filed an administrative claim.  To the extent that they did, any such claims are barred by the statute of repose.

### **Any Claims for Mis-Prescription or Over-Prescription of Medication**

As defendant has done in many of these cases, defendant asks the court to dismiss any claims for mis-prescription or over-prescription of medication, as such claims are not included in plaintiff's administrative claim and therefore are not exhausted.  In other cases, the plaintiffs have clarified in their response that they are not seeking to recover on a theory of mis-prescription or over-prescription of medication.  Plaintiff here did not respond to defendant's argument.  The court construes plaintiff's

lack of response as an implicit indication that he does not seek to pursue such claims, making defendant's argument moot as it has been in other cases.

If plaintiff does intend to pursue such claims, however, they are subject to dismissal for failure to exhaust. "[A]lthough a plaintiff's administrative claim need not elaborate all possible causes of action or theories of liability, it must provide notice of the facts and circumstances underlying the plaintiff's claims." *Estate of Trentadue v. United States*, 397 F.3d 840, 853 (10th Cir. 2005) (internal quotations omitted). Plaintiff did not claim that Wisner's misconduct included mis-prescribing or over-prescribing medication. The government could have reasonably concluded that an investigation into Wisner's prescription practices was unnecessary. *Cf. Lopez v. United States*, 823 F.3d 970, 977 (10th Cir. 2016) ("Nothing in Lopez's administrative claim provided the government with notice that it needed to investigate whether the VA Hospital was negligent in credentialing and privileging Kindt, and it was in turn deprived of any opportunity to settle this potential claim without litigation."). Plaintiff did not provide the government with sufficient notice of this claim and failed to exhaust his administrative remedy on this matter.

## **Negligent Hiring and Retention**

The court has previously dismissed other plaintiffs' claims for negligent hiring and retention based on the discretionary function exception to the FTCA. *See, e.g.*, *Doe BF*, 2017 WL 4355577, at *5–*6; *Almquist*, 2017 WL 4269902, at *5–*6; *Anasazi*, 2017 WL 2264441, at *8–*9; *Doe D. E.*, 2017 WL 1908591, at *8. This outcome remains appropriate despite plaintiff's request that the court reconsider its rulings regarding VHA Handbook 1100.19—even if the court were to assume that plaintiff is correct that 1100.19 was issued before Wisner was hired.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss (Doc. 33) is granted in part and denied in part. The motion is granted as to plaintiff's negligent hiring and retention claims in

Count IV, but denied as to plaintiff's negligent supervision claim in Count IV, as well as the other Counts in the complaint. Finally, some of plaintiff's claims may be time-barred, and to the extent that plaintiff intends to bring claims for negligent mis-prescription or over-prescription of medication, those claims are dismissed for failure to exhaust.

Dated this 29th day of October, 2019, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**